ERIC BALL (CSB No. 241327)
eball@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
SHANNON E. TURNER (CSB No. 310121)
sturner@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    650.988.8500
Facsimile:    650.938.5200

Attorneys for Plaintiff
Life On Air, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Life On Air, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Chathouse Inc., <br><br> Defendant. | Case No.: 3:16-cv-07403 <br><br> **PLAINTIFF LIFE ON AIR, INC.'S COMPLAINT FOR DECLARATORY RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Life On Air, Inc. ("Life On Air"), for its complaint against Defendant Chathouse Inc. ("Chathouse"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment. By this action, Life On Air seeks to resolve a controversy with Chathouse, and to eliminate any doubt that Life On Air's

HOUSEPARTY trademark, used with Life On Air's live video streaming platform, does not infringe or unfairly compete with any trademark rights purportedly owned by Chathouse, including Chathouse's claimed HOUSEPARTY and TELEPARTY marks.  Life On Air further seeks to eliminate any doubt that Life On Air's HOUSEPARTY live video streaming platform does not infringe any copyrights purportedly owned by Chathouse.

**THE PARTIES**

6. Life On Air is a Delaware corporation with its principal place of business in San Francisco, California.  Life On Air's mission is to connect people in the most human way possible while they are physically apart.  Life On Air provides a live video streaming platform that enables people to distribute and interact with live video in real time.  Founded in 2012, Life On Air is a pioneer in the live video industry, with its first product "Yevvo" and then debuting "Meerkat" in 2015 and "Houseparty" in 2016.  Life On Air uses its HOUSEPARTY mark with its live video streaming platform.

2. Life On Air believes and therefore alleges that Chathouse is a Delaware corporation with a place of business and registered agent for service of process in Alameda, California.

**JURISDICTION AND VENUE**

7. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, the Copyright Act, 17 U.S.C. § 101 *et seq*., and the Lanham Act, 15 U.S.C. § 1051 *et seq*.  The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (original jurisdiction of copyright and trademark claims).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the claims herein occurred in this judicial district, including that Life On Air's live video streaming platform is marketed and distributed through platform companies that are located here, and because Chathouse directed its allegations of infringement and attempts to stop Life On Air's use of its mark and live video streaming platform here in California while knowing that its attacks on Life On Air would cause injury to Life On Air and Life On Air's California customers.

9.    Venue and personal jurisdiction are further appropriate in this district as Chathouse has designated as its primary agent for service of process one of its Board members located in this district.

**INTRADISTRICT ASSIGNMENT**

10.    Because this is an intellectual property case, it is subject to assignment to any division pursuant to Civil Local Rule 3-2(c).

**CHATHOUSE DOES NOT HAVE ANY PROTECTABLE TRADEMARKS**

11.    Chathouse has demanded that Life On Air stop using the HOUSEPARTY mark. Despite its series of threats and allegations of infringement, Chathouse has no basis to support its demands.  Life On Air believes and therefore alleges that Chathouse is not currently offering a single product, is not using a HOUSEPARTY or TELEPARTY trademark, and abandoned its trademark applications for the HOUSEPARTY and TELEPARTY trademarks.

12.    Life On Air believes and therefore alleges that in 2015, Chathouse changed the name of its purported application from HOUSEPARTY to TELEPARTY.

13.    Similarly, in March 2016, Chathouse admitted to abandoning the HOUSEPARTY mark for a mobile application, claiming that it had changed the name of its purported mobile application to TELEPARTY.

14.    In July 2016, Chathouse abandoned its trademark application for the HOUSEPARTY mark.

15.    Life On Air believes and therefore alleges that Chathouse does not currently have an app that uses the HOUSEPARTY mark on the Apple App Store or Google Play Store.

16.    Life On Air believes and therefore alleges that Chathouse has abandoned the HOUSEPARTY trademark and ceased all use of the HOUSEPARTY trademark.

17.    Although Chathouse claims that it changed its mobile application's name from HOUSEPARTY to TELEPARTY, Life On Air believes and therefore alleges that Chathouse also does not use the TELEPARTY mark.

18.    In December 2016, Chathouse abandoned its trademark application for the TELEPARTY mark.

19. Life On Air believes and therefore alleges that Chathouse does not currently have an app that uses the TELEPARTY mark on the Apple App Store or Google Play Store.

20. Chathouse does not claim that it has any current customers or that it uses the HOUSEPARTY and TELEPARTY marks in commerce.

21. Chathouse does not have a pending trademark application for a federal registration for a PARTY-based mark.

22. Despite the fact that Chathouse does not use the HOUSEPARTY and TELEPARTY marks, Chathouse now claims the exclusive right to use a PARTY-based mark for a mobile application.

23. Chathouse is claiming the exclusive right to use a PARTY-based mark for a live video streaming platform.

24. A search of the U.S. Patent and Trademark Office records and the Internet for the mark PARTY shows hundreds of other PARTY-based marks used with a variety of products and services, including mobile applications.

25. Chathouse does not own the exclusive right to use a PARTY-based mark.

**CHATHOUSE DOES NOT HAVE ANY PROTECTABLE COPYRIGHTS**

26. Chathouse has also demanded that Life On Air stop using its user interface for the HOUSEPARTY live video streaming platform, claiming that the user interface infringes Chathouse's purported copyrights. But like its trademark claims, Chathouse has no basis to support its copyright-based threats and allegations.

27. Life On Air believes and therefore alleges that Chathouse has not registered any copyrights with the U.S. Copyright Office.

28. Life On Air believes and therefore alleges that Chathouse has not registered any copyrights with the U.S. Copyright Office related to the user interface for a mobile application.

29. Life On Air believes and therefore alleges that Chathouse has not registered any copyrights with the U.S. Copyright Office related to the user interface for a live video streaming platform.

30. Life On Air believes and therefore alleges that Chathouse has not registered any

copyrights with the U.S. Copyright Office related to any specific features of any mobile application.

31. Life On Air believes and therefore alleges that Chathouse has not registered any copyrights with the U.S. Copyright Office related to any specific features of any live video streaming platform.

32. Despite the fact that Chathouse has not registered any copyrights with the U.S. Copyright Office, Chathouse now claims an exclusive copyright in a user interface displaying the people participating in one's live video stream.

33. Chathouse is claiming an exclusive copyright in the display of multiple participants in one's live video stream.

34. Chathouse is claiming an exclusive copyright in the use of a "tile" display (that is, a display using adjacent square or rectangular shapes) of the participants in one's live video stream.

35. Chathouse's claimed user interface for its purported TELEPARTY app is not original or unique. Instead, it merely displays tiled pictures of users in a video chat. This user interface is an industry standard, used by dozens of other applications, which existed long before Chathouse's TELEPARTY app. To show who one is talking with during a video chat, companies naturally show pictures of the other participants in the video chat.

36. Chathouse cannot claim an exclusive copyright in the user interface showing who users are taking to during a video chat. This standard idea is not protected by copyright law. Nor does copyright law provide a monopoly over elements of a display that is inextricably associated with or dictated by the medium.

37. Chathouse does not own the exclusive copyright for a user interface for a live video streaming platform.

**CHATHOUSE'S CLAIMS OF INFRINGEMENT**

38. In March 2016, Chathouse, through its Chief Executive Officer, Aakash Sastry, congratulated Life On Air on the launch of its HOUSEPARTY live video streaming platform.

39. In March 2016, Chathouse, through its Chief Executive Officer, Aakash Sastry,

said that Life On Air's HOUSEPARTY application was "really cool" and asked if Chathouse and Life On Air could work together.

40. In congratulating Life On Air, in March 2016, Chathouse did not object to Life On Air's use of the HOUSEPARTY mark or the user interface of Life On Air's HOUSEPARTY live video streaming platform.

41. Although Chathouse did not initially object to Life On Air's use of the HOUSEPARTY mark or the user interface for Life On Air's HOUSEPARTY live video streaming platform, on November 17, November 28, and December 19, 2016, Chathouse sent Life On Air multiple correspondence claiming that Life On Air's HOUSEPARTY mark infringes Chathouse's HOUSEPARTY and TELEPARTY marks, and that Life On Air's HOUSEPARTY live video streaming platform infringes Chathouse's purported copyrights.

42. Chathouse has demanded that Life On Air stop any use of its HOUSEPARTY mark and the user interface of its live video streaming platform.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-Infringement of Trademarks)**

43. Life On Air incorporates by reference the previous allegations of this complaint.

44. Because of Chathouse's actions and threats described herein, Life On Air has a reasonable and strong apprehension that it will soon be faced with a trademark infringement suit brought by Chathouse. Accordingly, an actual controversy has arisen and exists between Life On Air and Chathouse within the meaning of 28 U.S.C. § 2201.

45. Life On Air's use of its HOUSEPARTY trademark for Life On Air's products is not trademark infringement under 15 U.S.C. § 1114 or the common law.

46. Chathouse does not use the HOUSEPARTY and TELEPARTY marks. As such, there is no likelihood that any relevant consumers would be confused, mistaken, or deceived into believing that Life On Air is affiliated, connected, or otherwise associated with Chathouse, or that Chathouse is sponsoring or has otherwise approved of Life On Air's products as a result of the HOUSEPARTY trademark.

47. Life On Air therefore requests that the Court declare that Life On Air neither infringes any of Chathouse's purported trademark rights nor violates 15 U.S.C. § 1114 or the common law.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of Copyright)**

48. Life On Air incorporates by reference the previous allegations of this complaint.

49. Because of Chathouse's actions and threats described herein, Life On Air has a reasonable and strong apprehension that it will soon be faced with a copyright infringement suit brought by Chathouse. Accordingly, an actual controversy has arisen and exists between Life On Air and Chathouse within the meaning of 28 U.S.C. § 2201.

50. Life on Air has not copied any of Chathouse's purported original, and copyrightable, expression in Chathouse's claimed application.

51. Life On Air's HOUSEPARTY live video streaming platform was independently created and is an original expression of a video streaming platform. Any conceivable similarities between Chathouse's purported application are based on the unprotectable standard idea of a tile layout of users participating in a video streaming application.

52. Life On Air has not infringed, and is not now infringing, any copyright relating to Chathouse's purported application.

53. Life On Air therefore requests that the Court declare that its HOUSEPARTY live video streaming platform neither infringes any copyright relating to Chathouse's purported application nor violates 17 U.S.C. § 101 *et seq.*.

## THIRD CLAIM FOR RELIEF
**(Declaratory Judgment of No Unfair Competition/False Designation of Origin)**

54. Life On Air incorporates by reference the previous allegations of this complaint.

55. Because of Chathouse's actions and threats described herein, Life On Air has a reasonable and strong apprehension that it will soon be faced with an unfair competition suit brought by Chathouse. Accordingly, an actual controversy has arisen and exists between Life On Air and Chathouse within the meaning of 28 U.S.C. § 2201.

56.     Life On Air's use of its HOUSEPARTY trademark for Life On Air's products is not unfair competition, including a false designation of origin within the meaning of 15 U.S.C. § 1125(a), unfair competition within the meaning of California Business and Professions Code § 17200, or California common law unfair competition.

57.     There is no likelihood that any relevant consumers would be confused, mistaken, or deceived into believing that Life On Air is affiliated, connected, or otherwise associated with Chathouse, or that Chathouse is sponsoring or has otherwise approved of Life On Air's products as a result of the HOUSEPARTY trademark.

58.     Life On Air therefore requests that the Court declare that Life On Air's use of its HOUSEPARTY trademark is not unfair competition, including a false designation of origin within the meaning of 15 U.S.C. § 1125(a), unfair competition within the meaning of California Business and Professions Code § 17200, or under California common law.

**PRAYER FOR RELIEF**

THEREFORE, Plaintiff Life On Air prays for judgment against Chathouse as follows:

A.  Declaring that Life On Air's use of its HOUSEPARTY trademark does not infringe upon any trademarks of Chathouse;

B.  Declaring that Life On Air's HOUSEPARTY live video streaming platform does infringe upon any copyrights of Chathouse;

C.  Declaring that Life On Air's use of its HOUSEPARTY trademark is not unfair competition or a false designation of origin with respect to Chathouse;

D.  Declaring that Life On Air's use of its HOUSEPARTY trademark does not violate 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), California Business and Professions Code § 17200, *et seq.* or the common law;

E.  Declaring that Life On Air's HOUSEPARTY live video streaming platform does not violate 17 U.S.C. § 101 *et seq.*;

F.  An award by the Court to Life On Air of its costs in this case;

G.  An award by the Court to Life On Air of its reasonable attorneys' fees in this case; and

1  H. An award by the Court to Life On Air of any other relief that the Court considers just and proper.

Dated:   December 30, 2016                    FENWICK & WEST LLP


By: */s/ Eric Ball*
       Eric Ball
       Attorneys for Plaintiff
       Life On Air, Inc.

## DEMAND FOR JURY TRIAL

Life On Air hereby demands trial by jury on all issues and claims so triable.

Dated: December 30, 2016              FENWICK & WEST LLP


                                      By: */s/ Eric Ball*
                                          Eric Ball
                                          Attorneys for Plaintiff
                                          Life On Air, Inc.